APRIL L. HOLLINGSWORTH (Bar No. 9391)
ASHLEY F. LEONARD (Bar No. 14899)
**HOLLINGSWORTH LAW OFFICE, LLC**
1115 South 900 East
Salt Lake City, Utah 84105
Telephone: 801-415-9909

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **LEO DAVIS**,<br><br>      Plaintiff;<br><br>vs.<br><br>**FONIX CORPORATION**, a corporation; **SPEECHFX, INC.**, a corporation; **DJP ASSET MANAGEMENT, INC.**, a corporation; and **ROGER D. DUDLEY**, an individual;<br><br>      Defendants. | **COMPLAINT**<br>**(Jury Requested)**<br><br>Case No. 2:15-cv-00251-TS<br>Judge Ted Stewart |

Plaintiff Leo Davis ("Mr. Davis") complains and alleges against Defendants Fonix Corporation, SpeechFX, Inc., DJP Asset Management, Inc., and Roger D. Dudley as follows:

### NATURE OF CASE

This is an action for damages due to deprivation of rights secured by contract and tort law, as well as by the Utah Wage Payment Act, U.C.A. § 34-28-1, *et. seq*. and the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* Mr. Davis seeks damages, including but not limited to compensatory, punitive, and liquidated damages; affirmative and equitable relief; an

1

award of attorney fees, costs, and interest; and further relief as this Court deems just and equitable.

## PARTIES

1. Mr. Davis is an individual residing in Salt Lake County, Utah.

2. At the time the acts upon which this Complaint is based occurred, Mr. Davis was residing in Salt Lake County, State of Utah.

3. Defendant SpeechFX, Inc. ("SFX"), formerly known as Fonix Speech, Inc., is a corporation incorporated in Delaware with its principal place of business in the state of Utah. SFX was Mr. Davis' employer in the state of Utah.

4. Defendant Fonix Corporation ("Fonix"), is a corporation incorporated in Delaware with its principal place of business in the state of Utah. Fonix was Mr. Davis' employer in the state of Utah.

5. Defendant DJP Asset Management, Inc. ("DJP") is a corporation with its principal place of business in the state of Utah. DJP is the parent company of SFX.

6. Defendant Roger D. Dudley ("Mr. Dudley") is an individual living in the state of Utah, and was/is the Chief Executive Officer ("CEO"), of SFX.

7. At the time the acts upon which this Complaint is based occurred, Fonix and SFX were located in either Salt Lake County, Utah or Utah County, Utah.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the parties and subject matter of this action pursuant to, *inter alia,* 28 U.S.C. §§ 1331 and 1367.

9. Venue in this action is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

10. SFX was a wholly-owned subsidiary of Fonix. SFX is currently owned by DJP Asset Management, Inc.

11. Fonix Speech, Inc. is the former name of SFX.

12. Roger Dudley ("Mr. Dudley"), was the CEO of Fonix Speech, Inc.

13. Mr. Dudley is the current CEO of Fonix and SFX.

14. Mr. Davis was a software developer for Fonix and SFX from 1999 until 2014.

15. In 1999, when Mr. Davis was hired by Fonix, his salary was $40,000.

16. On behalf of Fonix, Mr. Dudley promised its employees that wages would be paid every two-weeks.

17. Mr. Dudley also stated that the company's compensation structure paid minimum wage for the employees' base rate of pay.

18. Mr. Davis signed a written employment contract with Fonix and Fonix Speech, Inc., prior to 2011.

19. Beginning in 2006, Fonix and Fonix Speech, Inc. stopped paying Mr. Davis his wages on a regular basis.

20. When Fonix and Fonix Speech, Inc. did pay Mr. Davis, his wages were not the amount promised him.

21. In 2011, Fonix Speech, Inc. changed its name to SpeechFX, Inc.

22. In 2011, Mr. Dudley told the employees that SFX was "spinning off" from its parent company, Fonix.

23. In 2011, Mr. Dudley formally offered Mr. Davis a new employment contract with SFX.

24. The offer of employment included a promised salary of $66,000, bonuses, and benefits, including but not limited to medical, dental, and retirement benefits.

25. The offer of employment specifically pointed out that SFX would pay medical and dental insurance premiums.

26. In consideration of this offer of employment, Mr. Davis agreed to sign a waiver and release, releasing Fonix and SFX from all prior liabilities, contracts, and/or claims, known or unknown, including for any unpaid wages.

27. Mr. Davis also received an Employee Handbook, which stated that wages would be paid every other Friday.

28. Based on these promises, Mr. Davis accepted the offer by signing the final offer and performing for the company.

29. Mr. Davis relied on these promises in performing for Fonix, SFX, and Mr. Dudley.

30. Even under the new agreement, however, the companies continued to not pay the employees on a regular basis.

31. Just as before, when the companies did pay the employees, including Mr. Davis, the amount paid was not what was owed.

32. There were multiple years where Mr. Davis received less than the minimum wage for the hours he worked for the company.

33. The companies also continued to pay medical and dental benefits for employees on an irregular basis.

34. Mr. Davis was constantly worried that he did not have health insurance, as he received multiple notices of termination while working for Fonix and SFX.

35. In November 2012, Mr. Dudley verbally promised Mr. Davis a raise in salary to $87,000, retroactive for 2012 because he had barely been paid for the year.

36. Mr. Davis never received his promised $87,000 in salary.

37. Mr. Davis quit his software developer position in June 2014 after years of receiving either irregular wages, or no wages at all.

38. Mr. Dudley and his companies have never paid Mr. Davis what he was owed as an employee.

39. Mr. Davis has been damaged by Defendants' conduct.

## FIRST CAUSE OF ACTION
### (Breach of Written Contract – against all Defendants)

40. All the previous allegations contained in the above paragraphs are incorporated and re-alleged herein by reference.

41. Prior to 2011, Mr. Davis's employment contract that he negotiated with Mr. Dudley included the term that Mr. Davis would receive $40,000 in salary, plus benefits.

42. In 2011, Mr. Dudley offered a new employment contract to Mr. Davis, promising a salary of $66,000, plus bonuses and benefits.

43. As a condition of this offer of employment, Mr. Davis agreed to release all prior known or unknown claims against Fonix and SFX.

44. Mr. Davis accepted this offer by signing the agreement and working for the company.

45. Mr. Davis never received his promised salary.

46. Mr. Dudley and his companies breached the contract with Mr. Davis by failing to pay him his promised salary.

47. Mr. Dudley and his companies breached the contract with Mr. Davis by failing to pay

Mr. Davis' medical benefits.

48. Mr. Davis was damaged by Defendants' breaches through loss of income and benefits.

49. Accordingly, Mr. Davis is entitled to damages for breach of contract in an amount to be determined at trial.

50. Because the contract specifically allows for attorney's fees, Mr. Davis is also entitled to his attorney's fees and costs associated with this action.

## SECOND CAUSE OF ACTION
### (Breach of Verbal Contract – against all Defendants)

51. All the previous allegations contained in the above paragraphs are incorporated and re-alleged herein by reference.

52. In November 2012, Mr. Dudley verbally promised Mr. Davis a raise in salary to $87,000, retroactive for 2012 because he had barely been paid for the year.

53. Mr. Davis accepted the offer of a raise and continued working for Defendants in reliance upon the promise.

54. Mr. Davis never received his promised $87,000 in salary.

55. Defendants breached the contract with Mr. Davis by failing to pay him his promised salary.

56. Mr. Davis was damaged by Defendants' breach through loss of income and benefits.

57. Accordingly, Mr. Davis is entitled to damages for breach of contract in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (Breach of the Duty of Good Faith and Fair Dealing – against all Defendants)

58. All the previous allegations contained in the above paragraphs are incorporated and re-

alleged herein by reference.

59. Defendants failed to comply with their obligations to abide by their contractual promises and to act in good faith regarding the terms of Mr. Davis' employment with Fonix and SFX, Mr. Davis' 2011 contract, and Mr. Davis' 2012 contract.

60. Defendants' acts, as described above, were inconsistent with the agreed common purpose and justified expectations of Mr. Davis regarding his employment with Fonix, SFX, and Mr. Dudley

61. Defendants violated their duty of good faith and fair dealing inherent in all contractual relationships.

62. Mr. Davis is entitled to damages associated with Defendants' breach of the covenant of good faith and fair dealing, in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION
(Violation of Utah Wage Payment Act, U.C.A. § 34-28-1, et. seq. – against Fonix Corp., SpeechFX, Inc., and DJP Asset Management, Inc.)

63. All the previous allegations contained in the above paragraphs are incorporated and re-alleged herein by reference.

64. Pursuant to U.C.A. § 34-28-3, Fonix and SFX were required to pay Mr. Davis his full wages on a regular basis.

65. Fonix and SFX failed to make such payments.

66. Mr. Davis made a written demand for such wages on March 6, 2015.

67. U.C.A. § 34-28-5 imposes a penalty against Fonix and SFX for failure to pay wages due to Mr. Davis after Mr. Davis' written demand.

68. Because Mr. Davis' wages have not been paid to Mr. Davis, Fonix and SFX owe Mr.

Davis the penalty due under the statute.

69. Mr. Davis is also entitled to attorney's fees under U.C.A. § 34-27-1.

## FIFTH CAUSE OF ACTION
### (Breach of Implied-in-Fact Contract – against all Defendants)

70. All the previous allegations contained in the above paragraphs are incorporated and re-alleged herein by reference.

71. Fonix, SFX, and Mr. Dudley all requested that Mr. Davis perform work as an employee.

72. Mr. Davis expected Defendants to compensate him for his services.

73. Defendants knew or should have known that Mr. Davis expected to be compensated.

74. In November 2012, Mr. Dudley manifested a definite, affirmative intent to raise Mr. Davis' salary from $66,000 to $87,000, retroactive to the beginning of 2012.

75. Mr. Dudley told Mr. Davis a new budget had been made, and Mr. Davis would receive an increase in salary to $87,000. Mr. Dudley told Mr. Davis that the company was getting Mr. Davis' performance "pretty cheap."

76. Mr. Davis reasonably interpreted Mr. Dudley's affirmative promise that his salary would be raised to mean that his salary was $87,000, beginning in 2012.

77. Mr. Davis never received his promised raise in salary.

78. Accordingly, Mr. Davis is entitled to damages associated with Defendants' breach of implied-in-fact contract, in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION
### (Fraudulent Misrepresentation – against Roger Dudley)

79. All the previous allegations contained in the above paragraphs are incorporated and re-alleged herein by reference.

80. In November 2012, Mr. Dudley knowingly and willfully represented to Mr. Davis that his salary would be raised from $66,000 to $87,000, retroactive to the beginning of 2012.

81. In a meeting in Mr. Davis' office, Mr. Dudley told Mr. Davis a new budget had been made, and Mr. Davis would receive an increase in salary to $87,000. Mr. Dudley told Mr. Davis that the company was getting Mr. Davis' performance "pretty cheap."

82. When Mr. Davis would inquire about his salary increase, Mr. Dudley kept telling him that the "funds" would be coming in.

83. Mr. Dudley's representations were presently existing at the time he made them.

84. At the time Mr. Dudley made his representations to Mr. Davis, Mr. Dudley either knew the misrepresentations were false, or he made them recklessly for the purpose of inducing Mr. Davis to continue working for Mr. Dudley's companies without getting paid his wages.

85. Mr. Dudley intended for Mr. Davis to rely on these representations when he made them.

86. Mr. Dudley directly benefited from making these false misrepresentations because he enabled Mr. Davis to continue working for his companies without having to pay Mr. Davis his wages.

87. Mr. Davis reasonably relied on Mr. Dudley's false representations, and did not know of the falsity of the misrepresentations. Because Mr. Dudley made these representations, Mr. Davis continued working for Mr. Dudley and his companies.

88. In 2012, Mr. Davis was paid $7,424 as a full-time employee. In 2013, he was paid $9,232. In 2014, Mr. Davis was paid $10,140. None of these amounts are the $87,000 in

salary Mr. Dudley falsely represented to Mr. Davis.

89. As a result of Mr. Dudley's fraudulent misrepresentations, Mr. Davis has been harmed and has sustained damages, including loss of income and benefits.

90. Mr. Davis has also incurred emotional distress damages due to Mr. Dudley's fraudulent misrepresentations. Mr. Davis never knew when he would be paid his increased salary, which caused him extreme emotional and mental distress.

91. Mr. Davis is therefore entitled to damages, in an amount to be proven at trial, relating to Mr. Dudley's fraudulent misrepresentations regarding the 2012 contract between Mr. Davis and Mr. Dudley.

92. Because Mr. Dudley manifested a knowing and reckless indifference toward, and a disregard of, the rights of Mr. Davis, Mr. Davis is also entitled to punitive damages and his attorney's fees and costs for this action.

**SEVENTH CAUSE OF ACTION**
**(Estoppel – against all Defendants)**

93. All the previous allegations contained in the above paragraphs are incorporated and re-alleged herein by reference.

94. Mr. Davis relied upon the 2011 contract in accepting SFX's offer of employment.

95. Mr. Davis' reliance on Mr. Dudley's promises on behalf of SFX's promises was reasonable under the circumstances.

96. Almost immediately after signing the 2011 contract, Defendants violated their promises by not paying the wages owed to Mr. Davis.

97. Defendants also failed to regularly pay Mr. Davis' medical benefits.

98. In November 2012, Mr. Dudley promised Mr. Davis a raise in salary to $87,000,

retroactive to the beginning of 2012, because Mr. Davis had not been regularly paid his wages.

99. Mr. Davis relied on Mr. Dudley's promise in performing work for SFX.

100. Mr. Davis' reliance was reasonable under the circumstances.

101. Mr. Davis never received his promised raise.

102. Mr. Davis was injured by SFX's repudiation of its 2011 agreement with him.

103. Mr. Davis was injured by Mr. Dudley's repudiation of his 2012 agreement with him.

104. Mr. Davis is entitled to recover all damages he incurred due to his reliance on Defendants' agreements with him, including his expectation damages, in the form of lost wages, salary, benefits, and other compensatory damages, as well as attorney's fees and other costs of this action.

## EIGHTH CAUSE OF ACTION
### (Unjust Enrichment – against all Defendants)

105. All the previous allegations contained in the above paragraphs are incorporated and re-alleged herein by reference.

106. Mr. Davis conferred a benefit on Defendants by the services Mr. Davis rendered as an employee.

107. Defendants knew and appreciated Mr. Davis' benefit by retaining his employment.

108. In addition, Mr. Dudley misled Mr. Davis in late 2012 by promising him a raise in salary, retroactive for the year because Mr. Davis was not being paid his owed wages.

109. Defendants' retention of Mr. Davis' benefit for the 8 years Mr. Davis was not being paid his owed wages was inequitable and unjust.

110. If a court finds Mr. Davis is not entitled to legal relief regarding his other claims, Mr.

Davis is entitled to relief according to the value of the benefit conferred on Defendants.

### NINTH CAUSE OF ACTION
**(Violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* – against all Defendants)**

111. All the previous allegations contained in the above paragraphs are incorporated and re-alleged herein by reference.

112. The Fair Labor Standards Act of 1938 ("FLSA") applies to Fonix and SFX because the businesses engage in interstate commerce or the production of goods for interstate commerce.

113. As regulated employers, Fonix and SFX must pay minimum wage and overtime to their nonexempt employees.

114. Mr. Davis is a nonexempt employee.

115. The federal minimum wage is $7.25/hour, and has been since 2009.

116. In 2012, Fonix and SFX paid Mr. Davis $7,424 for the year.

117. In 2013, Fonix and SFX paid Mr. Davis $9,232 for the year.

118. In 2012 and 2013, Mr. Davis worked a standard 40-hour work week.

119. The wages paid to Mr. Davis in 2012 and 2013 fall below the set federal minimum wage for covered employees.

120. Defendants willfully violated the FLSA by not paying Mr. Davis the set federal minimum wage for multiple years.

121. Mr. Davis was injured by Defendants' actions through loss of income.

122. Accordingly, Mr. Davis is entitled to an award of damages in an amount to be proved at trial.

123. In addition, Mr. Davis is entitled to liquidated damages, equal to the entire back pay award, as a result of Defendants' willful violations of the FLSA.

124. Pursuant to 29 U.S.C. § 216, Mr. Davis is also entitled to his attorney's fees and costs associated with this action.

## JURY DEMAND

Mr. Davis demands a trial by jury of any issue triable of right by jury.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Davis prays for judgment against Defendants as follows:

1. For an order and judgment against Defendants for Mr. Davis' general, special, consequential, and emotional distress damages caused by Defendants' conduct, in an amount to be determined at trial;

2. For Mr. Davis' reasonable attorney's fees and costs of court;

3. For punitive damages in substantial, appropriate, and reasonable amounts;

4. For liquidated damages;

5. For pre-judgment and post-judgment interest at the highest lawful rate;

6. For equitable relief;

7. For statutory penalties; and

8. For such further and other relief as the Court deems appropriate.

DATED this 13th day of April, 2015.

**HOLLINGSWORTH LAW OFFICE, LLC**

    A. Leonard

Ashley F. Leonard
Attorneys for Plaintiff