APRIL L. HOLLINGSWORTH (Bar No. 9391)
ASHLEY F. LEONARD (Bar No. 14899)
**HOLLINGSWORTH LAW OFFICE, LLC**
1115 South 900 East
Salt Lake City, Utah 84105
Telephone: 801-415-9909

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **LEO DAVIS**,<br><br>    Plaintiff;<br><br>vs.<br><br>**FONIX CORPORATION**, a corporation; **SPEECHFX, INC.**, a corporation; **DJP ASSET MANAGEMENT, INC.**, a corporation; and **ROGER D. DUDLEY**, an individual;<br><br>    Defendants. | **PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT**<br><br>Case No. 2:15-cv-00251-TS<br>Judge Ted Stewart |

Plaintiff Leo Davis ("Mr. Davis"), by and through his counsel, respectfully moves this Court for an Entry of Default against Defendants Fonix Corporation, SpeechFX, Inc., DJP Asset Management, Inc., and Roger Dudley (collectively "Defendants"). Federal Rule of Civil Procedure 55(a) provides that the Clerk of the Court must enter a party's request for a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or

1

otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).[1]

Mr. Davis filed a Complaint against the named Defendants on April 13, 2015, for damages due to deprivation of rights secured by contract and tort law, as well as by the Utah Wage Payment Act, U.C.A. § 34-28-1, *et seq.* and the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* Dock. no. 2. Mr. Davis seeks damages against Defendants for unpaid wages from 2011 through July 2014, which is after he resigned his employment with Defendants. *Id.* After filing his Complaint, Mr. Davis requested that Defendants waive service of the summons and complaint. *See* dock. nos. 5, 5-1, 5-2. Defendants' counsel agreed, but did not enter an appearance for Defendants. *Id.*

Mr. Davis and Defendants subsequently negotiated and agreed to a settlement agreement and security agreement regarding Mr. Davis' claims. *See* 2015 counsels' emails, attached as Exhibit 1. The settlement and security agreements were agreed to by both parties on November 21, 2015. *Id.* After Mr. Davis sent Defendants a signed W-4, at their request, Mr. Davis reasonably expected Defendants to sign the settlement and security agreements and pay Mr. Davis the first installment of the agreed-upon settlement amount. *Id.* Mr. Davis' counsel contacted Defendants' counsel multiple times from December 21, 2015, through the present, regarding Mr. Davis' claims, but Defendants' counsel has been unresponsive to Mr. Davis' counsel's attempts to finalize the settlement.

Additionally, on October 20, 2015, Mr. Davis requested that Defendants file an Answer to this action. Dock. no. 5. Despite this request and the requirements of Fed. R. Civ. P. 12,

---

[1] After a default has been entered by the Clerk, a party may move the court for a default judgment. Fed. R. Civ. P. 55(b)(2). This motion and supporting memorandum is Step 1 in the two-step process of obtaining a default judgment.

Defendants have failed to file an Answer or defend against the claims against them in any way, which constitutes a failure to defend against claims from which a judgment is sought. Fed. R. Civ. P. 55(a). Defendants' counsel has also stopped communicating with Mr. Davis' counsel since February 16, 2016. *See* 2016 counsels' emails, attached as Exhibit 2. Mr. Davis' claims have been stalled by Defendants' bad faith settlement negotiations and unresponsiveness to the claims against them. Entry of a default judgment is therefore appropriate. *See Boland v. Elite Terrazzo Flooring, Inc.*, 763 F. Supp. 2d 64, 67-68 (D.D.C. 2011). Mr. Davis therefore requests this Court enter a default against Defendants for his nine causes of action. *See* dock. no. 2.

In his well-pleaded Complaint, Mr. Davis alleges that in 2011, Defendants offered Mr. Davis a new employment contract, which included a promised salary of $66,000, bonuses, and benefits, including but not limited to medical, dental, and retirement benefits. Dock. no. 2 at ¶¶ 23-24. In consideration of this offer of employment, Mr. Davis agreed to sign a waiver and release, releasing Defendants from all prior liabilities, contracts, and/or claims, known or unknown, including for any unpaid wages. *Id.* at ¶ 26. Mr. Davis signed the offer and began performing for Defendants. *Id.* at ¶ 28. In 2012, Mr. Davis received a new promise of an $87,000 annual salary for 2012, 2013, and 2014. *Id.* at ¶ 35. Defendants never paid Mr. Davis his promised salary, though. The Complaint alleges that from 2011 through 2014, when Mr. Davis resigned, Defendants did not pay Mr. Davis on a regular basis, and in 2012 and 2013, Defendants did not even pay Mr. Davis the federal minimum wage for his performance as an employee. *See generally*, dock. no. 2. Mr. Davis also alleged that he was damaged as a result of Defendants' conduct, and is entitled to damages for Defendants' breach of contract(s); breach of the duty of good faith and fair dealing; unjust enrichment; fraudulent misrepresentation; violations of Utah

Code Ann. § 34-28-1; and violations of 29 U.S.C. § 201 *et seq. Id.* Mr. Davis also alleged that he is entitled to his attorneys' fees and costs under 29 U.S.C. § 216 and under the 2011 written contract that provides for attorneys' fees. *Id.*

Mr. Davis seeks recovery for his damages in the amount of $376,254.03. This is the amount of Mr. Davis' economic losses, calculated by Mr. Davis and his counsel. *See* Declaration of Ashley F. Leonard, attached as Exhibit 3; Mr. Davis' 2011-2014 W-2's, attached as Exhibit 4; Declaration of Leo Davis, attached as Exhibit 5. Mr. Davis also seeks recovery of his attorneys' fees and costs, pursuant to 29 U.S.C. § 201 and Mr. Davis' 2011 contract, which amount to $5,577.88. *See* Ex. 3; Ex. 5. Because Defendants have failed to defend against the identified claims against them and Mr. Davis' economic damages and attorneys' fees and costs can be proven with reasonable certainty, Mr. Davis requests this Court grant Mr. Davis's motion for entry of default and enter a default in the amount of $376,254.03.

DATED this 21st day of March, 2016.

**HOLLINGSWORTH LAW OFFICE, LLC**

/s/ Ashley F. Leonard
Ashley F. Leonard
Counsel for Plaintiff